UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICHARD E. SMITH,

        Plaintiff,

v.                                                                    ACTION NO. 2:08-cv-452

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

        Defendant.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered January 30, 2009.

Plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for disability insurance benefits ("DIB") pursuant to sections 416(i) and 423 (d) of the Social Security Act.

## I. PROCEDURAL BACKGROUND

The plaintiff, Richard E. Smith, filed an application with the Social Security Administration to establish a period of disability and an award of Social Security disability benefits on or about August 17, 2006. The application stemmed from extensive physical injuries he sustained as a result of a fall from an 8-story building when his safety harness malfunctioned

while washing windows. The application was initially denied and upon reconsideration was denied again, at which point the plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing regarding the plaintiff's case on September 19, 2007 and ruled on November 30, 2007 that the Plaintiff was entitled to a period of disability from February 20, 2005 through December 15, 2006, when the award of DIB would cease due to the plaintiff's improved medical condition. On July 25, 2008, upon the denial of the plaintiff's request for review by the Appeals Council, Office of Disability Adjudication & Review of the Social Security Administration, the ALJ's decision became the defendant's (Commissioner's) final decision. Having exhausted all administrative remedies the plaintiff filed this action for judicial review, in accordance with 42 U.S.C. § 405(g), on September 23, 2008.

## II. FACTUAL BACKGROUND

On February 20, 2005, the plaintiff, then 47 years old, suffered a life-threatening, eight story fall in a work accident while washing windows. As a result of the fall he suffered a pelvic fracture, ruptured bladder neck, femoral fracture, and avulsions of the right middle lobe of the liver, the ileocecal mesentery, the duodenal and retroperitoneum. (R. 195, 310).[1] The plaintiff underwent surgery to repair the extensive abdominal trauma and was hospitalized until April 5, 2005. (Pl.'s Mem. Summ. J. 6).

Prior to the plaintiff's injury he worked as an overhead crane operator with various employers since 1989. (R. 95). Although his duties as a crane operator required only "light work" strength demands, (R. 16), he was otherwise physically active, to include earning a third-degree

---

[1] Page citations are to the administrative record previously filed by the Commissioner.

black belt in karate, (R. 28), playing paintball, and attending music concerts and church. (Def.'s Mem. Summ. J. 2).

After the plaintiff's fall, however, he began an extensive course of treatment and rehabilitation that negatively impacted his quality of life and ability to work. As the plaintiff pointed out, he saw a number of physicians during his recovery process and received four epidural steroid injections, including one injection only a few weeks before his claim was heard by the ALJ. (Pl.'s Mem. Summ. J. 6). During this time the plaintiff was heavily medicated which helped to make the pain manageable but also left him feeling "loopy." (R. 27). Besides the intense pain the plaintiff suffered, he and his wife testified that he was incapable of performing work. In an effort to help transition the plaintiff to the work-force, his wife hired him at her exterior cleaning and pressure washing business to assist with light duty. This attempt failed, however, after the plaintiff's repeated errors and mistakes. For instance, the plaintiff's wife testified that he incorrectly completed paperwork, could not handle business phone calls properly, and injured himself when he tried to pressure wash. (R. 37).

In order to support himself financially, the plaintiff first filed an application for a period of disability and DIB on or about August 17, 2006, approximately 18 months after his accident. This application was initially denied, and upon reconsideration was denied again. At that point, the plaintiff filed a request for a hearing before an ALJ. The request was granted and the plaintiff, along with his wife, appeared before ALJ Michael Cummings on September 19, 2007. At the hearing, both the plaintiff and his wife were provided an opportunity to address the ALJ and they shared the facts of the plaintiff's case as outlined above.

In acknowledgment of the plaintiff's evidence of persistent pain and inability to work, ALJ

Cummings, in a written decision dated November 30, 2007, issued a partially favorable ruling concluding that the plaintiff was under a disability from February 20, 2005 through December 15, 2006. (R. 11). Finding insufficient medical evidence to sustain DIB beyond December 15th, and noting that the plaintiff's medical condition improved such that he had the residual functional capacity (RFC) to perform the full range of light work, ALJ Cummings terminated the period of disability as of December 16, 2006. (R. 18).

The Commissioner does not dispute the facts alleged by the plaintiff in his Motion for Summary Judgment. (Def.'s Mem. Summ. J. 6). However, the Commissioner's own Motion for Summary Judgment seeks to complete the record by highlighting the numerous medical assessments that support the ALJ's decision to end the period of disability on December 16, 2006. These additions include: Mr. Steve Schall's opinion that the plaintiff could do more at times than he stated or perceived (R. 527); Dr. David Gross's comment that he could see no reason why the plaintiff could not participate in an eight hour work day as delineated in his July 2006 functional capacity evaluation (R. 496); Dr. Wei Li's approval for the plaintiff to work an eight hour day beginning in November of 2006 (R. 601); the plaintiff's non-compliance with his work conditioning treatment schedule (R. 511); the plaintiff's comment on November 30, 2006, that his pain was "better" (R. 601); the plaintiff's performance during his visit with Dr. Li on May 7, 2007, at which time he showed no form of distress, good strength in his arms and legs, no difficulty standing, and normal gait (R. 594); and finally, the plaintiff's comments denying any night pain, and indicating that the Lyrica he was taking for neuropathic pain was helping a lot. (R. 594).

The parties agree that there are no facts in dispute. Both the plaintiff and the Commissioner agree that the plaintiff was disabled and entitled to DIB from February 20, 2005 until December 15,

4

2006. Nevertheless, the plaintiff now seeks DIB commencing from his 50th birthday on July 24, 2007. This prayer stems from the plaintiff's interpretation of ALJ Cummings' comments on the record during the plaintiff's hearing, which the plaintiff interpreted to mean DIB would be awarded fully at age 50. The plaintiff presents two questions with respect to his Motion for Summary Judgment. First, was it reversible error for the ALJ to fail to find the plaintiff disabled on his 50th birthday, after allegedly stating on the record that such a finding would be made? Second, was it reversible error for the Appeals Council to deny the plaintiff's request for review?

## III. STANDARD OF REVIEW

In reviewing a decision of the Commissioner denying benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g) (2009); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. of N. Y. v. NLRB, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla" of evidence, but may be somewhat less than a preponderance. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hays, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." Craig,

76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. Thus, reversing the denial of benefits is appropriate only if either (A) the ALJ's determination is not supported by substantial evidence on the record, or (B) the ALJ made an error of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## IV. ANALYSIS

1.     ALJ's Ruling

First, it is important to recognize that the plaintiff's appeal does not attack any of the factual findings or conclusions of law set out in ALJ Cummings' decision dated November 30, 2007. (Pl.'s Mem. Summ. J. 3-7). Instead, the plaintiff claims that the ALJ's decision was incorrect because he stated on the record that he would reach a different conclusion from that in his written decision. Although he does not explicitly make clear, it appears that the discrepancy the plaintiff draws attention to, between ALJ Cummings' comments at the administrative hearing and what was included in his written decision, is an alleged error of law. That is to say, the plaintiff does not challenge prong (A) of Coffman, that the disability determination was not supported by substantial evidence, instead he claims the ALJ erred with respect to prong (B). Before analyzing prong (B) of the Coffman standard, however, it is worthwhile to evaluate the record to see if the ALJ's determination was supported by substantial evidence. If so, the plaintiff's only remedy, if any, lies with his allegation that the ALJ made an error of law.

A.     *Substantial Evidence*

To qualify for a period of disability and DIB under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, an individual must meet the insured status requirements

of these sections, be under age sixty-five, file an application for DIB and a period of disability, and be under a "disability" as defined in the Act. The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under Title II of the Act as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a) (2009); see also 42 U.S.C. §§ 423(d)(1)(A) and 416(i)(1)(A) (2009). To meet this definition, the claimant must have a "severe impairment" which makes it impossible to do previous work or any other substantial gainful activity that exists in the national economy.

In evaluating claims for DIB, the regulations promulgated by the Social Security Administration provide that all material facts will be considered to determine whether a claimant has a disability. The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled. The ALJ must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that equals a condition contained within the Social Security Administration's official listing of impairments, (4) has an impairment that prevents past relevant work, and (5) has an impairment that prevents him from any substantial gainful employment. An affirmative answer to question one, or negative answers to questions two or four, result in a determination of no disability. Affirmative answers to questions three or five establish disability. This analysis is set forth in 20 C.F.R. § 404.1520.

In this case, ALJ Cummings found the following regarding the plaintiff's condition. First, the plaintiff had not engaged in substantial gainful activity since February 20, 2005. This determination was supported by the fact that the plaintiff's earnings did not reach the threshold

representative of substantial gainful activity. (R. 14). Second, the plaintiff suffered a severe impairment including a fractured pelvis, femur, multiple ribs and ruptured peritoneal hematoma. This finding was based on the plaintiff's life-threatening injury, series of operations, severe complications, and need for inpatient hospitalization. (R. 15). Third, while the plaintiff was disabled he did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The plaintiff's injuries were not accompanied by findings that satisfied the Code provisions, nor was there a medical source to opine that the plaintiff's impairments were equivalent to those listed in the Code. (R. 15). Fourth, from February 20, 2005 through December 15, 2006, as a result of his injuries, the plaintiff was unable to perform past relevant work. This conclusion resulted from the fact that the plaintiff could not fulfill his 8 hour-a-day, 5 day-a-week schedule as a crane operator. (R. 16). Lastly, during the plaintiff's period of disability, considering his age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that he could have performed. This determination was reached because the evidence supported a finding that the plaintiff had a substantial loss of ability to meet the demands of basic work-related activities on a sustained basis. (R. 16).

This partially favorable disability decision notwithstanding, the ALJ also noted that there had been significant medical improvement such that the plaintiff's disability ended as of December 16, 2006. The ALJ determined, after careful consideration of the entire record, that beginning on December 16, 2006, the plaintiff had the residual functional capacity to perform the full range of light work. (R. 18). This decision took into consideration the plaintiff's complaints of chronic pain and physical deficits, but also recognized that the claimant had improved steadily since his accident.

(R. 18). In support of his decision to end the period of disability on December 16, 2006, the ALJ relied partly on: the plaintiff's comments to Dr. Li on May 7, 2007 denying night pain, and reporting significant positive response to prescription medicine (R. 20); the plaintiff's strength in his lower extremities with the exception of his right ankle on October 18, 2006 (R. 20); and the plaintiff's functional capacities examination on July 13, 2006 which revealed he could sustain an 8 hour work day (R. 20). Collectively, the ALJ found that the plaintiff's claims regarding the intensity, persistence and limiting effects of his condition had lost credibility beginning December 16, 2006. (R. 20).

In sum, recalling the standard of review set out in <u>Craig</u>, there appears "substantial evidence" to support the Commissioner's decision to grant disability and DIB. On the other hand, there is also substantial evidence to support the discontinuance of benefits as of December 16, 2006. Furthermore, since the plaintiff failed to allege a lack of evidence in the record to support a denial of DIB, there appears no grounds to attack the decision on the merits. Thus, in accordance with <u>Perales</u>, the Court should affirm the denial of benefits to the extent the record reflects substantial evidence to support the ALJ's decision that the plaintiff's disability ended on December 16, 2006.

B.      *Error of Law*

Turning to the thrust of the plaintiff's claim, that the decision should be reversed due to the discrepancy in the ALJ's comments at the hearing and his written decision, requires additional layers of analysis.

To start, the Code of Federal Regulation governing the procedures during determinations and decisions of administrative law judge hearings states that, "[t]he administrative law judge shall issue a *written* decision that gives the findings of fact and the reasons for the decision. 20 C.F.R. § 404.953(a)

(2009) (emphasis added). It goes on to add, "[t]he administrative law judge may enter a *wholly favorable* oral decision based on the preponderance of the evidence into the record of the hearing proceedings." C.F.R. § 404.953(b) (2009) (emphasis added). However, this procedure is limited to cases identified "in advance" and "those cases where the administrative law judge determines no changes are required in the findings of fact or the reasons for the decision as stated at the hearing." Id. The Code, then, makes clear that a written decision is the mechanism for the ALJ to render his decision absent the limited circumstances when an oral decision is permissible.

To be certain, in this case the ALJ did issue a written decision. ALJ Cummings stated in his decision, dated November 30, 2007, that "[a]fter careful consideration of the entire record, [he found] that, beginning on December 16, 2006, the claimant has had the residual capacity to perform the full range of light work." (R. 18). This assessment served as the basis of the plaintiff's grievance, in particular because of the comments ALJ Cummings made at the oral hearing which seemed to indicate a contrary result. See infra transcript comments of ALJ Cummings at R. 40-42. The plaintiff highlights the fact that the oral statements on the record were at variance with the written decision and alleges that such a discrepancy is grounds for reversal.[2] Here, however, the plaintiff confronts a dispositive obstacle barring any significance to the ALJ's oral statements. Undermining his claim is the fact that the decision of the ALJ was partially favorable and not fully favorable- as the Code requires to permit an oral decision. In fact, not only does the Notice of Decision clearly indicate that the decision was partially favorable, (R. 8), the transcript of the hearing reveals that the plaintiff chose the partially favorable decision when presented with the option of amending his claim. Counsel for the plaintiff stated, "we're going to proceed with the

---

[2] Interestingly, the plaintiff cites no law, statutory or case law, that mandates a reversal of the Commissioner's determination even if the written decision and oral statements are at odds.

route of the partially favorable." (R. 42). Even if the decision had been fully favorable, there is no indication that this was the category of case "designated in advance" (appropriate for fully favorable oral decision), or that there was not a change required in the findings of fact. As noted above, absent authority to the contrary, a written decision by the ALJ will prevail over statements made on the record.

Furthermore, it is not entirely clear what the ALJ was referring to in his statements on the record. The plaintiff alleges that ALJ Cummings "in essence" stated that he would issue a favorable decision on the plaintiff's fiftieth birthday. (Pl.'s Mem. Summ. J. 5). This belief stems from the ALJ's following comments: "[s]o six months before - well, there's certainly no problem on his fiftieth birthday" (R. 40); "I'm essentially telling you that I'm going to write it partially favorable on his 50th birthday" (R. 41); and "[w]ell, it'll be at age 50 . . . ." (R. 42).

Perhaps ALJ Cummings ought to have chosen his words more judiciously. To start, the written decision makes no reference to the plaintiff's 50th birthday. Instead, the disability determination and award of DIB lasted from February 20, 2005, the date of the injury, until December 16, 2006, the date of medical improvement. The plaintiff's 50th birthday was July 24, 2007, approximately two months before the hearing and seven months after the termination of DIB. Moreover, the language ALJ Cummings' employed was less than helpful. "There's no problem on his fiftieth birthday" along with "It'll be at age 50" does not indicate whether the benefits would allegedly start at age 50, end at age 50, or have anything to do with age 50 at all. That said, given that the 50th birthday did not factor into the written decision it is erroneous to conclude that the comments carry substantial weight, or that they should predominate over the written decision. As noted above, the C.F.R. requires a written decision, and the only manner in which an oral decision can be used is inapplicable in this case.

As a result, since the Code of Federal Regulation requires the Commissioner, through his

11

designated representative the ALJ, to issue his decision in writing, the ALJ's oral statements on the record do not disturb his written decision. Absent authority showing that the alleged contradiction between the statements and the decision is impermissible and grounds for a reversal, the written decision of November 30, 2007 should prevail.

To summarize, with respect to both Coffman claims, the plaintiff has failed to show that the ALJ's decision was not supported by substantial evidence or that he made an error of law. The ALJ's decision was supported by substantial evidence because he used the five-step model for determining disability and then carefully scrutinized the medical evidence to determine that significant improvement had occurred necessitating an end of DIB. Given the deferential standard provided in Perales, the Court should affirm the ALJ's findings. Additionally, the plaintiff has failed to allege an error of law in the ALJ's decision. While the ALJ's language during the hearing was perhaps confusing and misleading, the plaintiff has not demonstrated any reason why the oral statements, and not the written decision, should bind the Commissioner. Since the plaintiff failed to show any authority requiring adherence to the oral statements, the ALJ did not err in producing a written decision at odds with his comments at the hearing.

2.      Appeals Council

The plaintiff also claims that it was reversible error for the Appeals council to deny his request for review. This allegation is mistaken and not supported by law.

Under the rules of the Social Security Administration a claimant can appeal the decision of an administrative law judge if: (a) there appears to be an abuse of discretion, (b) there is an error of law, (c) the conclusion of the ALJ is not supported by substantial evidence, or (d) there is a broad policy issue that may affect the general public. 20 C.F.R. § 404.970 (2009). In addition, "the dismissal of a request for Appeals Council review is binding and not subject to further review." 20 C.F.R. § 404.972 (2009). In

accordance with the Social Security Act a claimant's only access to review of the Commissioner's final decision, embodied in the ALJ's finding, is through a civil action filed   in the district court for the judicial district in which the plaintiff resides.  42 U.S.C. 405(g).

In the plaintiff's case, he alleges in his Motion for Summary Judgment that it was reversible error for the Appeals Council to deny his request for review, but he makes no argument in support of that allegation. Neither the plaintiff's Memorandum in Support of his Motion for Summary Judgment (Doc. No. 14), nor his Reply Brief in support of his Motion for Summary Judgment (Doc. No. 18) assign error to the Appeals Council's decision. The Appeals Council stated in its notice to the plaintiff that the information he provided did not provide a basis for changing the ALJ's decision. Additionally, the notice explained "How to File a Civil Action" and "Time to File a Civil Action." (R. 8).  Although the Council's explanation was terse, it was sufficient to meet the requirements of the Social Security Act and the C.F.R.

Since the plaintiff simply alleged that the Appeals Council erred, without offering any argument or evidence he failed to demonstrate error, let alone reversible error.  As a result, the denial of the request for review was appropriate and should be upheld.

## V.  RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Summary Judgment be DENIED; that the Commissioner's Motion for Summary Judgment be GRANTED; that the final decision of the Commissioner be AFFIRMED; and that Judgment be entered in favor of the Commissioner.

## VI.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C.

§ 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
October 13, 2009

14

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:


Barrett Rives Richardson, Jr.
Richardson & Rosenberg LLC
Suite 814
355 Crawford St
PO Box 201
Portsmouth, VA 23705
(757) 397-1000
Email: barrettr@mrlawfirm.com


Lawrence Richard Leonard
United States Attorney Office
101 W Main St
Suite 8000
Norfolk, VA 23510
(757) 441-6331
Email: lawrence.leonard@usdoj.gov


Fernando Galindo, Clerk

By _____
Deputy Clerk
October 13, 2009

15