**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



**RICHARD E. SMITH,**

**Plaintiff,**

v.   No. 2:08cv452

**MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration,**

**Defendant.**

## OPINION & ORDER

Richard E. Smith ("Plaintiff" or "Claimant") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") November 30, 2007 decision denying Plaintiff's claim for disability insurance benefits ("DIB"). Doc. 9. Plaintiff moved for summary judgment on March 2, 2009. Doc. 13. Defendant moved for summary judgment on April 3, 2009. Doc. 15. The motions and attendant pleadings were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 11. The Magistrate Judge issued his Report and Recommendation on October 13, 2009. Doc. 19. Plaintiff filed a timely objection to the Report and Recommendation on October 23, 2009. Doc. 20. Defendant filed a response to Plaintiff's objection on October 30, 2009. Doc 21. The matter is therefore ripe for decision by the Court.

Plaintiff has raised three (3) primary objections to the Magistrate Judge's Report and Recommendation. Doc. 20. First, Plaintiff argues that the ALJ's written decision should be reversed and remanded because it is inconsistent with oral statements that the ALJ made at the

administrative hearing. Id. at 2-3. Second, Plaintiff argues that there was ample evidence in the record to award disability benefits to the Plaintiff. Id. at 3. Third, Plaintiff argues that the ALJ should have analyzed his case under the Medical-Vocational Guidelines (the "Grids") as a fifty-year-old individual rather than a forty-nine-year-old individual. Id. at 3-4.

The Court **FINDS**, however, that an ALJ's oral statements need not necessarily be consistent with the ALJ's subsequent written decision. The Court **FINDS**, moreover, that the ALJ's written decision was supported by substantial evidence and further proceedings are unnecessary. Lastly, the Court **FINDS** that Plaintiff's age under the Grids has no bearing on the ALJ's ultimate conclusion that Plaintiff's entitlement to benefits ended on December 16, 2006. Therefore, the Court will adopt the Magistrate Judge's recommendations and hereby **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 13) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 15).

### I. Procedural History and Factual Background[1]

Plaintiff filed an application with the Social Security Administration to establish a period of disability and an award of disability insurance benefits ("DIB") on or about August 17, 2006. Doc. 14 at 2. In his application, Plaintiff alleged that he suffered extensive physical injuries[2] on

---

[1] This section does not constitute the complete procedural and factual history, but only those proceedings and facts relevant to the present objections. The Court accepts, as facts, the procedural history and factual background set forth by the Magistrate Judge in his Report and Recommendation, insofar as they are not objected to by Plaintiff. See 28 U.S.C.A. § 636(b)(1); Owens ex rel. Metcalf v. Barnhart, 444 F. Supp. 2d 485, 488 (D.S.C. 2006).

[2] As a result of the fall, Plaintiff suffered a pelvic fracture, ruptured bladder neck, femoral fracture, and avulsions of the right middle lobe of the liver, the lieocecal mesentery, the duodenal and retroperitoneum. R. 195, 310. Plaintiff underwent surgery to repair the extensive abdominal trauma and was hospitalized until April 5, 2005. Doc. 14 at 6.

February 20, 2005 as a result of a fall from an eight-story building when his safety harness malfunctioned while washing windows. Id.

Plaintiff's applications were denied initially and upon reconsideration. Id. Plaintiff subsequently filed a request for a hearing before an ALJ, and such a hearing was conducted on September 19, 2007. Id. At the hearing, both Plaintiff and his wife were afforded an opportunity to address the ALJ. On November 30, 2007, the ALJ, in acknowledgment of Plaintiff's evidence of persistent pain and inability to work, issued a partially favorable ruling concluding that Plaintiff was entitled to a period of disability from February 20, 2005 through December 15, 2006. Doc. 19 at 2; R. 11. Finding insufficient medical evidence to sustain the award of DIB beyond December 15, 2006, however, the ALJ determined that the period of disability would cease as of December 16, 2006 because of Plaintiff's improved medical condition. Doc. 19 at 2; R. 18. After the ALJ's decision, Plaintiff requested review by the Appeals Council of the Office of Disability Adjudication & Review of the Social Security Administration. Doc. 14 at 2. The Appeals Council, however, denied this request on July 25, 2008. Id.

Plaintiff subsequently filed the present action on September 23, 2008, seeking review of this decision. Doc. 1 (Complaint). The case was referred to the Magistrate Judge for the purpose of preparing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Local Rule 72. Doc. 11. Plaintiff filed his motion for summary judgment and a memorandum in support thereof on March 2, 2009. Docs. 13-14. In his motion, Plaintiff prayed that the Court reverse the decision of the ALJ or, in the alternative, vacate the decision and remand the case for further proceedings. Doc. 14 at 8. Defendant then filed a motion for summary judgment and a memorandum in support thereof on April 3, 2009, requesting that the Court affirm the decsiion of

the ALJ. Docs. 15-16.

On October 13, 2009, the Magistrate Judge recommended that: Plaintiff's motion for summary judgment be denied; Defendant's motion for summary judgment be granted; the final decision of the Commissioner be affirmed; and that judgment be entered in favor of the Commissioner. Doc. 19 at 13 (Report and Recommendation). Plaintiff filed a timely objection on October 23, 2009. Doc. 20. Defendant filed a response to Plaintiff's objection on October 30, 2009. Doc 21.

## II. STANDARD OF REVIEW

### A. Review of the Report and Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. Owens ex rel. Metcalf v. Barnhart, 444 F. Supp. 2d 485, 488 (D.S.C. 2006) (citing Mathews v. Weber, 423 U.S. 261, 269 (1976)). In a Social Security disability benefits case, the court reviews de novo those portions of the Magistrate Judge's report and recommendation to which specific objection is made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.A. § 636(b)(1); Owens, 444 F. Supp. 2d at 488.

### B. Review of the Commissioner's Final Decision

The role of the Court in the administrative scheme established by the Social Security Act (the "Act") is a limited one. The Court's review is restricted to a determination as to whether there is substantial evidence to support the ALJ's conclusion that the plaintiff failed to meet the conditions for entitlement pursuant to the Act. See Craig v. Chater, 76 F.3d 585, 589 (4th

Cir.1996). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Craig, 76 F.3d at 589. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether the claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." Craig, 76 F.3d at 589. The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson, 402 U.S. at 401. If substantial evidence exists for the ALJ's findings, and those findings were reached through application of the correct legal standard, the conclusion must be affirmed. Craig, 76 F.3d at 589; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

### C. Entitlement to Disability Benefits

In evaluating whether a claimant is entitled to disability benefits, the ALJ must follow the five-step sequential evaluation of disability set forth in the Social Security regulations. Under the regulations, an ALJ must consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals a condition contained within the Act's official listing of impairments; (4) has an impairment which prevents past relevant work; and (5) if not, has an impairment that prevents him from any substantial gainful employment. 20 C.F.R. §§ 404.1520 and 416.920. An affirmative answer to

question one, or negative answers to questions two or four, results in a determination of no disability. Id. Affirmative answers to questions three and five establish disability. Id. The claimant bears the burden of production and proof during the first four steps of the inquiry. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992) (per curiam). If the claimant can carry his burden through the fourth step, the burden shifts to the Commissioner to show that other work is available in the national economy that the claimant can perform despite his condition. See id.

## IV. ANALYSIS

Notwithstanding Plaintiff's objection to the Magistrate Judge's Report and Recommendation, the parties agree that there are no facts in dispute. Both Plaintiff and Defendant agree, moreover, that Plaintiff was disabled and entitled to DIB from February 20, 2005 until December 15, 2006. Nevertheless, Plaintiff objects, seeking the reinstatement of DIB as of the date of his fiftieth (50th) birthday - July 24, 2007. Indeed, Plaintiff interpreted the ALJ's comments on the record during the hearing to mean that Plaintiff would be awarded full DIB at age fifty (50).

### A. Objection to Alleged Discrepancy Between ALJ's Comments at the Hearing and the Written Decision

Plaintiff first objects to the Magistrate Judge's determination that, despite the alleged discrepancy between the ALJ's comments at the hearing and his written decision, the ALJ's decision should not be reversed. Plaintiff argues that the written decision cannot be reconciled with the ALJ's comments on the record and that a "reasonable interpretation of [the ALJ's] statement on the record was that [Plaintiff] would have been granted a favorable disability award effective on [his] 50th birthday." Doc. 20 at 2.

As a preliminary matter, the Court is not wholly convinced that the ALJ's statements on the record are inconsistent with his final written decision because it is not entirely clear what the ALJ referred to in his statements on the record. At the hearing, the ALJ commented: "[s]o six months before - well, there's certainly no problem on his fiftieth birthday"; "I'm essentially telling you that I'm going to write it partially favorable on his 50th birthday"; and "[w]ell, it'll be at age 50 . . . ." R. 40-42. According to Plaintiff, these comments indicated that the ALJ would issue a decision favorable as of the Plaintiff's fiftieth birthday. The language employed by the ALJ during the hearing, however, is not entirely lucid. Indeed, the ALJ's comments do not necessarily indicate that the benefits would start at age fifty, end at age fifty, or have any relation to age fifty whatsoever. Furthermore, the ALJ made it clear that he was going to be issuing a decision that was only "partially favorable." Consistent with the ALJ's statements, Plaintiff was, in fact, awarded partial DIB benefits. The benefits simply did not extend for the period of time that Plaintiff had anticipated.

Moreover, assuming arguendo that the ALJ's comments indicated that DIB would be fully effective on Plaintiff's fiftieth birthday, no authority mandates that an ALJ's written decision must comport with the comments previously made at the administrative hearing. Although the ALJ's commentary during the hearing was perhaps confusing or misleading, Plaintiff has not demonstrated any reason why the oral statements, rather than the written decision, should be binding. In particular, Plaintiff has failed to cite any statute, regulation, or case mandating that the ALJ's subsequent written decision must be consistent with prior oral statements.

Indeed, the Code of Federal Regulations emphasizes the importance of the written decision, affording only one instance in which an oral decision is permissible in the absence of a

written decision.[3] Specifically, the Code states that, "[t]he administrative law judge shall issue a *written* decision that gives the findings of fact and the reasons for the decision." 20 C.F.R. § 404.953(a) (2009) (emphasis added). The Code thus makes it clear that a written decision is the mechanism for the ALJ to render his decision, absent the limited circumstances where an oral decision is permissible. The Court thus finds that the ALJ's statements on the record cannot disturb the final written decision.

Given the deferential standard for reviewing decisions of the ALJ, the Court hereby affirms the ALJ's findings. Indeed, Plaintiff has not cited any authority requiring an ALJ to adhere to his oral statements. Absent authority showing that a contradiction between oral statements and the final written decision is impermissible, the written decision should prevail. Therefore, even if the ALJ's written decision proves to be at odds with the comments made at the hearing, the Court **FINDS** that such a discrepancy does not constitute an error of law necessitating reversal.

### B. Objection to Evidentiary Basis for ALJ's Written Decision

Plaintiff raises a second objection, claiming that "[t]here was ample evidence to support [the ALJ's] statement on the record to award [Plaintiff] disability benefits on [his] 50th birthday." Doc. 20 at 3. Notwithstanding Plaintiff's objection, the Court's role is to determine whether

---

[3] An ALJ "may enter a wholly favorable oral decision based on the preponderance of the evidence into the record of the hearing proceedings." 20 C.F.R. § 404.953(b) (2009). This procedure, however, is limited to cases identified "in advance" and "those cases where the administrative law judge determines no changes are required in the findings of fact or the reasons for the decision as stated at the hearing." In this case, the decision of the ALJ was partially favorable rather than fully favorable. See R. 8. This regulatory subsection is thus inapplicable and, consequently, does not fit within the framework of cases where an oral decision is permissible.

substantial evidence supports the ALJ's written decision. There is ample evidence in the record, moreover, that supports the ALJ's conclusion that Plaintiff's receipt of DIB should conclude on December 16, 2006, including, but not limited to, the following:

- Mr. Steve Schall's opinion that Plaintiff could do more than he stated or perceived and that Plaintiff demonstrated the ability to work an eight-hour day at the "Light Physical Demand Level." R. 527;

- Dr. David Gross's July 2006 functional capacity evaluation, where he commented that he could see no reason why Plaintiff could not participate in an eight-hour workday. R. 496;

- Dr. Wei Li's approval for Plaintiff to work an eight-hour day, beginning in November of 2006. R. 601;

- Plaintiff's noncompliance with his work conditioning treatment schedule.[4] R. 511;

- Plaintiff's comment on November 30, 2006 that his pain was "better." R. 601;

- Plaintiff's performance during his final visit with Dr. Li on May 7, 2007, where Plaintiff showed no form of distress, good strength in his arms and legs, no difficulty standing, and normal gait. R. 594; and

- Plaintiff's comments denying any night pain and indicating that the Lyrica he was taking for neuropathic pain was helping. R. 594.

In light of this evidence, the ALJ reasonably concluded that Plaintiff was not disabled after December 16, 2006. Indeed, in reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Hays, 907 F.2d at 1456; Craig, 76 F.3d at 589. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether the claimant is disabled, the

---

[4] In order to get benefits, an individual must follow the treatments prescribed by their physicians. See 20 C.F.R. § 404.1530.

responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." Craig, 76 F.3d at 589. The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson, 402 U.S. at 401. Here, in light of the aforementioned evidence, a reasonable mind could certainly conclude that the record supported the ALJ's determination. The Court thus **FINDS** that the ALJ's written decision was supported by substantial evidence. Inasmuch as substantial evidence supports the ALJ's findings, the conclusion must be affirmed. See Craig, 76 F.3d at 589; Laws, 368 F.2d at 642.

### C. Objection to ALJ's Disregard of Plaintiff's Age Under Medical-Vocational Guidelines

Plaintiff raises a third objection, arguing that the ALJ's decision "should have made a 50th birthday reference, as an individual's case is analyzed under a different set of rules once an individual turns age 50 under the Medical-Vocational Guidelines. . . ." Doc. 20 at 3. According to Plaintiff, the ALJ should have, at a minimum, analyzed his "medical/vocational situation as a 50 years old individual, as opposed to a 49 years old individual, as the guidelines change once an individual attains the age of 50." Id. Plaintiff's argument is misguided, however, because Plaintiff's age under the Grids has no bearing on the ALJ's conclusion that Plaintiff's entitlement to benefits ended on December 16, 2006.

Indeed, the Grids are only used in cases "where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of past relevant work." See Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P., app. 2. Consideration of whether a claimant has an impairment which prevents past relevant work is conducted at step four of the sequential evaluation process. See 20 C.F.R. §§ 404.1520 and 416.920. Here, the ALJ concluded that

Plaintiff could perform his past relevant work and the sequential evaluation process ended there, rendering the Grids irrelevant to the ALJ's decision. See Pass v. Chater, 65 F.3d 1200, 1204 (4th Cir. 1995) (noting that the regulations addressing "past relevant work" focus on the claimant's functional capacity rather than the claimant's ability to obtain work or vocational factors such as age, education, or work experience). The Court thus **FINDS** that Plaintiff's age under the Grids has no impact on the ALJ's conclusion that Plaintiff's entitlement to benefits ended on December 16, 2006. The ALJ's conclusion must therefore be affirmed.

## V. Conclusion

After reviewing the record, the Court **FINDS** that the ALJ's denial of benefits after December 16, 2006 was supported by substantial evidence. Therefore, the Court will adopt the Magistrate Judge's recommendations and hereby **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 13) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 15).

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 19, 2009